UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                     No. 1:22-MJ-256

        vs.                              HON. JANE M. BECKERING
                                                U.S. District Judge

GERALD BENNETT,

        Defendant.
_____/

**UNITED STATES' RESPONSE TO APPEAL OF**
**IN-CUSTODY COMPETENCY EXAMINATION**

The defendant, Gerald Bennett, moves this Court to reverse the Magistrate Judge's order committing Bennett to the custody of the Attorney General for psychiatric and psychological examination. The government opposes.

On June 2, 2022, the Honorable Ray Kent, Magistrate Judge, authorized a criminal complaint and arrest warrant for Bennett alleging that he kidnapped a minor, in violation of 18 U.S.C. § 1201(a) and (g). Bennett was arrested and had his initial appearance on July 7, 2022. At his initial appearance, the government gave notice that it was seeking detention.

On July 13, 2022, Bennett appeared before Magistrate Judge Kent for the scheduled preliminary hearing and detention hearing. As a preliminary matter, the parties raised the question of Bennett's competency and made joint motion for a competency

-1-

evaluation, which the Court granted. The defense then asked if Bennett could be released on bond and have the competency examination done locally. The defense proffered information about his medical condition, proposed a place where he could live on bond, and highlighted that he had been in custody for four years on the state charges and free for four and a half months without incident. The defense argued for release on bond and a local competency examination. The government objected. In response to the defense's argument, Judge Kent asked the rhetorical question whether the defendant could take the oath and understand the conditions of bond, if there is a question about his competency. Magistrate Judge Kent rejected the request to release Bennett on bond and conduct the competency examination locally. Judge Kent then issued a written order committing Bennett to the custody of the Attorney General for psychiatric and psychological examination. (R.11, Order, PageID.49.)

Bennett now appeals the determination that he could not be considered for release on bond because the matter of competency was raised is clearly erroneous and contrary to law. Bennett is also claiming that the government failed to meet its burden for pretrial detention.

## STANDARD OF REVIEW

A district judge may "reconsider pretrial matters where the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Here, Magistrate Judge Kent's (1) order for a competency examination and (2) refusal to hold a detention hearing are reviewed for facts that are clearly erroneous and whether the order is contrary to law. While the statute terms the review as a "reconsideration" it is not, in practice, a

reconsideration by the magistrate judge, rather it is an appeal to the district judge. "Generally, questions of law are reviewed de novo and questions of fact, for clear error. . . ." *E.g. Monasky v. Taglieri*, 140 S. Ct. 719, 730 (2020) (reviewing a child's habitual residence determination).

## **DISCUSSION**

The question of law to be decided is whether the magistrate judge was correct in determining that the detention hearing and preliminary examination should be stayed, and then apply the procedures under §§ 4241 and 4247.

In *United States v. Mosley*, 541 F.Supp.2d 1235 (W.D. OK 2008), the district court considered the interplay between the question of competency under § 4241 and detention under § 3142. The court held, "[I]f there is reasonable cause to believe that a defendant has a mental disease rendering him unable to understand the nature and consequences of the proceedings against him and/or to assist in his defense, it makes sense that the preliminary hearing and detention hearing be deferred until such time as the defendant has been determined to be mentally competent to the extent that he is able to understand the nature and consequences of those proceedings against him and to assist in his defense . . ." *Id*. at 1237.

The Speedy Trial Act also provided for a stay. "[D]elay resulting from any proceeding, including any examinations, to determine mental competency" shall be excluded in computing the time within which an information or indictment must be filed. 18 U.S.C. § 3161(h)(1)(A). The government does not agree with the defense that the magistrate judge was required to consider the application of the Bail Reform Act and the

-3-

requirement for a timely detention hearing. But even assuming it applied, the Bail Reform Act authorized the delay. The detention hearing typically must be heard within three days, *except for good cause*. 18 U.S.C. § 3142(f)(2)(B) (emphasis added). Here, good cause was shown by the outstanding question of competency.

"It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992). "A defendant is competent to stand trial if he has 'the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense.' " *United States v. Landers*, 564 F.3d 1217, 1221 (10th Cir. 2009) (quoting *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).

Implicit in the *Mosley* decision is the proposition that due process counsels that a competent defendant must be mentally present for a preliminary hearing and detention hearing. Indeed, those hearings are the defendant's to contest or waive. A waiver presupposes that the defendant is a participant. In this case, the magistrate judge properly stayed all other proceedings.

Once the question of Bennett's competency was raised by the parties, the magistrate judge was correct to set aside the question of detention and, instead, looked to § 4241 to determine how to proceed. Section 4241 provides that the "court shall grant the motion [to determine the mental competency of the defendant] . . . if there is reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to

understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

The magistrate judge's decision to order a competency examination was well-founded. There was a state court finding that Bennett was mentally incompetent and unable to stand trial for murder on these facts. The parties and the Magistrate Judge recognized that there was reasonable cause to believe that Bennett may be presently suffering from a mental disease or defect. Once that threshold was met, § 4241(a) mandated that the court shall order a competency hearing.

Section 4241(b) provided that in advance of the competency hearing, "the court *may* order that a psychiatric or psychological examination of the defendant be conducted . . . pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b) (emphasis added.) The decision to commit a defendant or not to the custody of the Attorney General is a discretionary decision. *See United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir. 2008), *United States v. George*, 85 F.3d 1433, 1437 (9th Cir. 1996).

The Sixth Circuit has not considered what sort of procedure or record is necessary in the exercise of the discretionary decision to order an in-custody examination. Other circuits have considered whether commitment to the custody of the Attorney General required a hearing. "[T]he statute does not grant a district court unbounded discretion to order such a commitment as opposed to an outpatient examination." *United States v. Song*, 530 Fed.App'x. 255, 259 (4th Cir. 2013), and *United States v. Parks*, 2018 WL 2090821 (W.D. Kent. May 4, 2018) ("The district court's discretion in this respect is not unfettered.") The Fourth, Fifth, Eighth, and Tenth Circuits held that the district court

must hold a hearing to determine whether the examination should be in custody or not. *United States v. Song*, 530 Fed.App'x. 255 (4th Cir. 2013), *In re Newchurch*, 807 F.2d 404 (5th Cir. 1986), *United States v. Neal*, 679 F.3d 737 (8th Cir. 2012), *United States v. Deters*, 143 F.3d 577 (10th Cir. 1998).

Here, the magistrate judge heard evidence on the question. The defense was afforded an opportunity to proffer information about his medical condition, proposed a place where he could live, and highlighted that he had been in custody for four years on the state charges and free for four and a half months without incident. The defense argued for release on bond and a local competency examination.

The government's position that a custodial examination was appropriate was supported by the record before the magistrate judge. There was a pending motion for detention. The magistrate judge had the pretrial services report that recommended detention and included facts and other conclusions. (R.9, Pretrial Services Report, PageID.43.) Bennett was convicted of armed robbery, criminal sexual conduct – third degree, and felony firearms in 1977. (*Id*. PageID.45.) Bennett and two others followed a man to his home, forced their way in, and raped his wife. (*Id*.) He served 20 years in prison and had 22 misconducts including threatening behavior and inciting a riot or strike. (*Id*.) Five months after he was discharged from parole, Bennett committed a breaking and entering with intent and was sentenced to another 10 to 20 years in prison. (*Id*.) Michigan Department of Corrections staff reported that Bennett absconded from parole three times. (*Id*.)

The charged offense was a serious violent crime, kidnapping of a minor in violation of 18 U.S.C. § 1201(a)(1) and (g)(1), which carried a mandatory minimum of 20 years' custody. The continuation for the criminal complaint provided substantial evidence of the offense, including the fact that the minor victim was murdered, and the associated danger that Bennett posed to the community. (R.1. Criminal Complaint, PageID.1.) The continuation advised the magistrate judge that there had been litigation concerning his competency and conflicting evidence from medical and lay witnesses. (*Id.* at paragraph 73, PageID.28.)

Neither party was contesting the facts offered by the other. Rather, the government and defense had differing positions whether those facts warranted a custodial examination or not. The magistrate judge had ample evidence to determine that an in-custody examination where the BOP medical staff would have 30 to 45 days to gather information regarding Bennett's mental wherewithal and provide the court with a substantial report regarding his competency. Implicit in the magistrate judge's order sending Bennett to the custody of the Attorney General was the magistrate judge's finding that a local non-custodial examination was not appropriate.

Bennett was afforded due process. There was a hearing with evidence tendered to the court and argument by the defense. The decision to order Bennett to the custody of the Attorney General was a proper exercise of discretion. All that is missing are the explicit findings for the decision to send Bennett to the Attorney General for an in-custody examination. The courts in *Song*, *Newchurch*, *Neal*, and *Deters* criticized the lack of any hearing or the government's failure to put forth sufficient reasons to require an in-

custody examination. Here, Bennett was afforded a hearing and the record before the magistrate judge provided ample grounds to deny a local non-custodial examination. If this Court finds the record to be insufficient, the Court could make such findings of fact and correct what is harmless error.

## CONCLUSION

For the foregoing reasons, the Government respectfully opposes Bennett's motion for reconsideration. The magistrate judge's interpretation of the procedural posture of the case was not contrary to law, and there was no clear error in the questions of fact. The magistrate judge correctly decided to delay the detention hearing and, instead, address the issue of competency. The magistrate judge's decision to commit Bennett to the custody of the Attorney General for the competency examination was a proper exercise of discretion.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: July 29, 2022

*/s/ Daniel Y Mekaru*
DANIEL Y. MEKARU
AUSTIN J. HAKES
Assistant United States Attorneys
P.O. Box 208
Grand Rapids, Michigan 49501-0208
(616) 456-2404