UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERALD BENNETT,

    Defendant.
_____/

Case No. 1:22-mj-256-RSK

HON. JANE M. BECKERING

**OPINION AND ORDER**

Pending before the Court is Defendant Gerald Bennett's Motion for District Court to Reconsider Magistrate Judge's Decision Declining to Address Defendant's Request for Release on Bond (ECF No. 12), for which he sought expedited consideration under Local Rule of Criminal Procedure 12.5. Because the Magistrate Judge's Order entails non-dispositive matters, Defendant's motion is considered an appeal under 28 U.S.C. § 636(b)(1)(A). Defendant seeks an order from the Court reversing the Magistrate Judge's ruling and releasing Defendant on bond so he may undergo an evaluation to determine his competency to stand trial while not in the custody of the Bureau of Prisons. For the reasons that follow, the Court affirms the Magistrate Judge's ruling.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 2, 2022, the government filed a criminal complaint charging Defendant with kidnapping a minor in violation of 18 U.S.C. § 1201(a)(1) and (g)(1) (ECF No. 1), and the

Magistrate Judge signed an arrest warrant the same day (ECF No. 2).[1]  On July 7, 2022, Defendant was arrested and detained, and the United States Marshal transported him the next day to the Newaygo County Jail (ECF No. 12 at PageID.54).  On July 13, 2022, Defendant appeared before Magistrate Judge Ray Kent for the date and time scheduled for preliminary and detention hearings (*id.* at PageID.55; *see* 7/13/22 Minutes, ECF No. 10).

At the outset of the July 13 hearing, the parties raised the issue of Defendant's competency and made a joint, oral motion for a competency examination, which the Magistrate Judge considered and granted, finding "reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent within the meaning of § 4241(a), sufficient to grant the motion for professional evaluation" (ECF No. 11 at PageID.49).

Defense counsel requested that the competency evaluation be conducted while Defendant was on bond, and not in the custody of the Bureau of Prisons (ECF No. 12 at PageID.55).  As stated in the record of the hearing, the Magistrate Judge determined that he could not address the issue of bond prior to a competency evaluation and he denied Defendant's request to undergo his evaluation out-of-custody.

The Magistrate Judge entered an Order of Commitment for Mental Examination, pursuant to 18 U.S.C. §§ 4241(a) and 4242, in which he ordered Defendant committed to the custody of the

---

[1] Defendant was previously charged in Kent County Circuit Court in 2018.  The trial court judge found that he was incompetent to stand trial and incapable of being restored to competency, and this ruling was affirmed by the Michigan Court of Appeals (*see* ECF No. 12-1 at PageID.60, Decision of Judge George J. Quist, October 23, 2020; ECF No. 12-2 at PageID.77, Decision of Michigan Court of Appeals, February 24, 2022).  The state charges against Defendant were dismissed, and he was released to "his home that he shares with his brother, a living complex for the elderly and disabled in Detroit, Michigan" (ECF No. 12 at PageID.54, citing ECF No. 9, Pretrial Services Report, July 12, 2022).

Attorney General for placement in a suitable facility for the purposes of undergoing a competency examination (ECF No. 11 at PageID.49–50). The Order stated that "[u]pon being advised by the Attorney General as to which facility defendant has been designated, the United States Marshals Service is directed to promptly inform the court, at which time the court will issue an order directing the United States Marshals to transport the defendant to the designated facility" (*id*. at PageID.49). Defendant currently remains in the custody of the United States Marshall (*id.*).[2]

Defendant filed the present motion on July 18, 2022, citing 18 U.S.C. §§ 3142 and 4241, in support of his argument that the Magistrate Judge erred in determining that Defendant could not be considered for release on bond because the matter of competency was raised, and in not releasing Defendant from custody for examination on an outpatient basis. (ECF No. 12, PageID.53, 56). This Court ordered the government to file an expedited response (7/22/22 Order, ECF No. 14).

On July 26, 2022, Defendant filed a supplement containing "new facts" related to the "information cited in the continuation submitted in support of the Complaint" (ECF No. 15 at PageID.100), contending that if certain recorded jail phone calls detailed in the complaint "are considered in making a determination on Mr. Bennett's competency, the evaluation may be flawed" (*id*.). Specifically, Defendant contends that the allegations in paragraph 75 to 79 of Special Agent Bartholomew's continuation (detailing two recorded jail phone calls as the basis for SA Batholomew's belief that Defendant "appears to demonstrate competency") were not made by

---

[2] As the parties have been advised, the Court has learned that Defendant was transported to a facility in Texas for purposes of a competency examination before the United States Marshals Service became aware of Defendant's appeal and this Court's request to hold Defendant pending the outcome of the appeal.

Defendant, but by another inmate using his account to make an outgoing call (*see id.* at PageID.104).[3]

On July 28, 2022, Defendant filed a second supplement indicating that "government counsel and law enforcement admitted to defense counsel that Mr. Bennett was not the individual on the calls, as alleged in the Complaint" (ECF No. 17 at PageID.121–122). At a telephone conference held before the Magistrate Judge on July 28, 2022, the parties represented that the government agreed that Defendant was not the individual on the calls described in the factual assertions made in paragraphs 75 to 79 of the continuation to the complaint (*see* 7/28/22 Minutes, ECF No. 18).

On July 29, 2022, the government timely filed a response opposing the motion (ECF No. 20), arguing that the Magistrate Judge's decision to "set aside the question of detention" and order an in-custody competency hearing was not clearly erroneous or contrary to law (*see id.*). The government argues that Defendant was afforded due process and that the Magistrate Judge properly exercised his discretion when he ordered Defendant to the custody of the Attorney General for a competency evaluation (*id.* at PageID.132).

The Court heard oral arguments of counsel on August 1, 2022.

---

[3] Defense counsel relies on distinctions between these two calls (Call 5 and 6) and the other seven recorded phone calls (Calls 1, 2, 3, 4, 7, 8, and 9) received from the government, to wit: (1) Call 5 and 6 were made to Grand Rapids area phone numbers, and not Detroit area numbers; (2) a voice does not identify the caller as "Gerald Bennett" in Call 5 and 6 unlike in the remaining calls; (3) Call 5 references attorney "Josh Kuipers" who did not represent Defendant or visit him during his incarceration; (4) Calls 5 and 6 discuss "parole," "motions to suppress," and "go[ing] to the feds," indicating an ongoing federal case, while the remaining calls discuss only dismissal of the case and transportation arrangements (consistent with Defendant's circumstances of the state court proceeding at the time); (5) Call 6 indicates it was a conversation between a potentially married couple; and (6) "several" other inmates have used Defendant's account to make their own outgoing calls (*see* ECF No. 15 at PageID.104–106).

## II. ANALYSIS

A magistrate judge's resolution of a non-dispositive pretrial matter will be modified or set aside on appeal only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); W.D. Mich. LCrR 57.1(e) ("Appeals from any other decisions and orders of a magistrate judge not provided for in this rule should be taken as provided by governing statute, rule, or decisional law. Such appeals shall be taken in accordance with the procedures set forth in LCivR 72.3."); W.D. Mich. LCivr 72.3(a) ("A district judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."). The "clearly erroneous" standard applies only to the magistrate judge's findings of fact. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir.1994). "The clearly erroneous standard does not entitle a reviewing court to reverse the finding of the trier of fact simply because it would have weighed the evidence differently or would have decided the case differently." *Colvin v. Martin*, No. 2:09-CV-96, 2009 WL 4856205, at *1 (W.D. Mich. Dec. 9, 2009) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1983). "Rather, a reviewing court must ask whether, based on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations and quotation omitted). The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *See, e.g., Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted) ("[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'").

Defendant argues that (1) the Magistrate Judge's determination that Defendant could not be considered for release on bond because the matter of competency was raised is clearly erroneous and contrary to law; (2) Defendant's commitment to the Bureau of Prisons is not demonstrably necessary because the government has failed to meet its burden for pretrial detention; and (3)

Defendant is entitled to an order "releasing him from custody pending an evaluation for his competency to stand trial, as permitted by 18 U.S.C. §§ 3142 and 4241, *et seq.*" (ECF No. 12 at PageID.53, 56).  More specifically, Defendant argues that the Magistrate Judge's decision raises due process concerns, and the Magistrate Judge should have held a hearing pursuant to § 4142 and the Bail Reform Act because it "does not contain an exception" to pretrial release "for persons for whom competency to stand trial is in question", nor does the Insanity Defense Reform Act (*id.* at PageID.55–56).  Defendant also contends that incarceration for a mental health examination here is not "demonstrably necessary" and, because Defendant "has not been indicted, … such that probable cause has not been established[,]" "the presumption of detention does not apply under 18 U.S.C. § 3142(e)" (*id.* at PageID.57 & 57, n.5).

In response, the government argues that the Magistrate Judge's decision to stay the question of detention once the issue of competency was raised was correct and "well-founded" (ECF No. 20 at PageID.128–129).  The government further argues that the Magistrate Judge's discretionary determination for an in-custody examination is supported by the record and does not raise due process concerns (*id.* at PageID.130–132).

As a threshold matter, it is pertinent to note that three factors distinguish this case from the outset and guide the Court's analysis:  first, the specific procedural posture of the case; second, the lack of binding precedent from the Sixth Circuit on the legal issues presented; and third, the nature of the charged offense and the specific circumstances of this Defendant.

First, this Court determines that the Magistrate Judge did not act contrary to law in concluding that an evaluation of Defendant's competency was required before he could hold a detention hearing.  At the outset of the July 13, 2022 hearing, both parties properly raised concerns about Defendant's competency in light of the prior state court proceedings, and they jointly made

an oral motion for a competency evaluation. Once the issue was raised and there was reasonable cause to believe that Defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense," the Magistrate Judge was required to act pursuant to § 4241. For the reasons more fully set forth by the government, staying a detention hearing until an examination and determination of competency can be made is permissible under the Bail Reform Act and Speedy Trial Act (*see* ECF No. 20 at PageID.127–128, citing 18 U.S.C. §§ 3161(h)(1)(A) and 3142(f)(2)(B)). Moreover, as in *United States v. Moser*, Defendant here is properly detained pursuant to a valid arrest warrant authorized by the Magistrate Judge, and the competency evaluation is being made at the earliest possible time in the proceedings to ensure that he is able to understand the nature and consequences of the proceedings against him and to assist in his defense, including at a detention hearing. *See United States v. Moser*, 541 F. Supp. 2d 1235, 1237–38 (W.D. Okla. 2008) ("[I]t is clear from the language of Section 4241 … that if it is determined that there is reasonable cause to believe the defendant is … mentally incompetent …, all proceedings against such defendant are stayed or suspended until such time that it is determined that [d]efendant is mentally competent with the requisite ability to understand and assist in proceedings against him.").

Second, the Magistrate Judge did not clearly err or abuse his discretion in ordering Defendant to the custody of the Attorney General to undergo a competency examination at a suitable facility. Defendant concedes that the Bail Reform Act and the Insanity Defense Reform Act authorize the Court, in its discretion, "to allow Defendant to undergo a competency on an outpatient basis" or "to order Defendant to a suitable facility for purposes of the examination" (ECF No. 12 at PageID.56). This is consistent with the approach of federal courts. *See United*

*States v. Neal*, 679 F.3d 737, 741 (8th Cir. 2012) ("The statute's use of the word 'may' does not negate due process limitations, but merely reflects the district court's choice between an inpatient commitment and an outpatient evaluation."); *United States v. Parks*, No. CR 3:17MJ-00396-DW, 2018 WL 2090821, at *3 (W.D. Ky. May 4, 2018) ("Under [18 U.S.C. § 4242] the Court has the authority to commit [defendant] for an in-custody evaluation but is not required to do so. In other words, *it is a matter of discretion.*") (internal citation omitted) (emphasis added); *In re Newchurch*, 807 F.2d 404, 410 (5th Cir. 1986) ("Read in context, the statutory language commands the district court to order an examination but permits it either to commit the defendant to the custody of the Attorney General for that purpose or to order that the examination be made in some other manner.").

The parties do not dispute that the Sixth Circuit has not ruled on what process or procedure is required relating to a magistrate judge's discretionary decision for ordering an in-custody or out-of-custody competency evaluation under § 4241, *et seq.* The parties rely on, and this Court is guided by, persuasive authority from other circuit courts setting forth what process defendants are entitled to. Those cases illustrate that a discretionary decision under § 4241 is not clearly erroneous when the decision has been made following a hearing and when the court was presented with the factual circumstances underlying the request and the reasons supporting an in-custody examination, as was the case here. *See Neal*, 679 F.3d at 741–42; *In re Newchurch*, 807 F.2d at 410–12; *United States v. Song*, 530 Fed. App'x 255, 259 (4th Cir. 2013); *see also, e.g., United States v. Negrón-Cruz*, 542 F. Supp. 3d 123, 125 (D.P.R. 2021) (decision to order in custody examination of defendant was "not an arbitrary exercise of judicial discretion" where it was "an attempt to determine whether he [was] competent in accordance with the Insanity Defense Reform Act" and to confirm his ability to "comply with conditions of supervised release"); *United States*

*v. Rayyan*, No. 16-CR-20098, 2016 WL 1746013, at *5 (E.D. Mich. May 3, 2016) (rejecting defendant's motion for reconsideration of order requiring the defendant to be committed to the custody of the Attorney General for psychiatric examination and stating, "[m]oreover, defendant has already been detained; thus, any restraint on his liberty is less consequential than if he were out on bond.").

Unlike the cases cited by Defendant in support of his motion, this is not a situation where he had been released on bond and his conduct later indicated that a competency evaluation may be required, prompting the government to petition for detention and an inpatient evaluation (*see United States v. Neal*, 679 F.3d 737 (8th Cir. 2012)); nor is this a case where Defendant was competent and out on bond at the time he notified the government of his intent to invoke an insanity defense, prompting the government to seek to commit him (*see In re Newchurch*, 807 F.2d 404 (5th Cir. 1986)). Here, Defendant was detained pursuant to a valid arrest warrant signed by the Magistrate Judge, and both parties agreed there was reasonable cause to believe he was not competent to understand the proceedings. For these reasons, there was good cause for a delay of the detention hearing, and the same due process concerns as discussed in *Newchurch* and *Neal* cannot be said to apply here.

Moreover, Defendant does not dispute the Magistrate Judge's order on the basis of facts that were before the Magistrate Judge. At the July 13, 2022 hearing, as the government properly argues (*see* ECF No. 20 at PageID.130–132), defense counsel was given an opportunity to address reasons for a non-custody competency evaluation, including Defendant's health conditions and medical treatment, his living situation with his brother at a complex for the elderly and disabled in

9

Detroit, and Defendant's proffered competency evaluation expert.[4]  The government also correctly notes that the Magistrate Judge had the benefit of the pretrial services report, which was prepared for him in anticipation of the detention hearing that had been scheduled for July 13.  It addressed Defendant's prior criminal history including armed robbery, criminal sexual conduct-third degree, felony firearms, breaking and entering with intent, listed six reasons why he posed a risk of nonappearance and eight reasons why he posed a risk of danger, and recommended detention (*see* ECF No. 9).  The report also indicated that Defendant "was having difficulty understanding the purpose of the interview" and the interview was terminated so that he may meet with his counsel (*id.* at PageID.43).

The Magistrate Judge also had the benefit of the continuation in support of the criminal complaint, which provided substantial evidence of the offense, including that the alleged kidnapping victim had been murdered (*see* ECF No. 1-1).  Other facts included the prior state court determination of incompetency and information that the Bureau of Prisons would have appropriate medications available for Defendant.  The only dispute between the parties at the time of the Magistrate Judge's decision was how he should exercise his discretion, not what the relevant facts were.  While the Magistrate Judge could have more expressly laid out his rationale for choosing an in-custody evaluation, a decision that is fully supported by the evidence, "the Magistrate Judge's findings cannot be clearly erroneous because the findings are not in dispute with respect to the record that was presented to the Magistrate Judge." *Sok v. Romanowski*, No. 1:05CV495,

---

[4] While defense counsel argued at the August 1, 2022 hearing that she should have been given an opportunity to present additional evidence for the Magistrate Judge's consideration, such as Defendant's ties to his community in Detroit as could have been explained by his sister, there is no binding precedent in the Sixth Circuit requiring a full-blown evidentiary hearing when determining whether to order an in-custody or out-of-custody competency evaluation.  Moreover, given the facts defense counsel indicated she would have presented, the Court is not convinced that the Magistrate would have ruled differently.

10

2006 WL 2925250, at *1 (W.D. Mich. Oct. 11, 2006) (citing *Banner v. City of Flint*, 99 F. App'x 29, 35 (6th Cir. 2004) (unpublished) (holding that it is permissible for a district court to consider evidence that was not before the magistrate judge).

Defendant has been ordered committed for an evaluation for a period not to exceed forty-five (45) days (ECF No. 11 at PageID.50). Under these circumstances, the detention of Defendant is reasonable and narrowly tailored, and does not present an "unfettered" exercise of discretion. *See Parks*, 2018 WL 2090821, at *3; *United States v. McKown*, 930 F.3d 721, 732 (5th Cir. 2019) ("In sum, automatic commitment with substantial safeguards as to duration is a reasonable, and sufficiently narrowly tailored, accommodation of the competing interests of the individual and the government.") (internal quotations and citation omitted). On this basis, the Magistrate Judge's order is affirmed.

### III. CONCLUSION

The Magistrate Judge did not act contrary to law when he determined that a competency examination was appropriate prior to a detention hearing. Moreover, the Magistrate Judge did not clearly err when he ordered Defendant to the custody of the Attorney General for a competency evaluation at a suitable facility and denied Defendant's request for an out-of-custody evaluation. Therefore, the decision of the Magistrate Judge is affirmed. Accordingly:

**IT IS HEREBY ORDERED** that the Magistrate Judge's July 13, 2022 order declining to release Defendant on bond prior to a competency evaluation and staying a detention hearing pending completion of the competency evaluation is AFFIRMED for the reasons stated herein.

Dated: August 2, 2022  /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge